IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **LOWELL N. PAYNE, JR.,** | CASE NO. 3:21 CV 1337 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| v. | |
| **LORI BENHASE-WOLF, et al.,** | ORDER OF DISMISSAL |
| Defendants. | |

*Pro se* Plaintiff Lowell N. Payne, Jr., an inmate in the Marion Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983. (Doc. 1). He also filed an Application to Proceed *In Forma Pauperis* (Doc. 2). In that Application, Plaintiff expressly declined to attach his prison trust account statement claiming he is not a state prisoner as defined in 28 U.S.C. § 1915(h) because he has not lawfully been accused of a state crime. However, contrary to his statement, Plaintiff is incarcerated on a state court sentence and must submit his prison trust account statement with his Application. His Application is not complete without this information.

Moreover, Plaintiff is well aware of the requirement for prisoners to submit a trust account statement with the Application. He has repeatedly been informed of this requirement by the Southern District of Ohio. In his five most recent cases filed in that District Court, Plaintiff refused to supply the trust account statement to avoid payment or garnishment of filing fees from his prisoner trust account. *See Payne v. Mausser*, No. 2:09 CV 1101 (S.D. Ohio Mar. 31, 2010); *Payne v. Mohr*, No. 2:12 CV 942 (S.D. Ohio Dec. 6, 2012); *Payne v. Pummill*, No. 2:13 CV 1172 (S.D. Ohio Jan. 23, 2014); *Payne v. Mohr*, No. 2:16 CV 965 (S.D. Ohio Jan. 30, 2017);

*Payne v. Houk*, No. 2:18 CV 646 (S.D. Ohio Aug. 24, 2018). In each case, the Southern District Court ordered Plaintiff to correct the deficiency in his Application. In each case, Plaintiff refused to do so and filed Motions for Relief from the Deficiency Orders. Each time, the Court denied the Motions for Relief and dismissed these actions for failure to prosecute. Plaintiff appealed those Orders and again, refused to submit the trust account to proceed *in forma pauperis* on appeal. His appeals were dismissed for want of prosecution. In another case before this Court, Plaintiff similarly refused to submit his account statement and was ordered to correct the deficiency; Plaintiff did not do so and this Court ultimately dismissed the action without prejudice. *See Payne v. Aramark Corp., et al.*, No. 3:19 CV 1514 (N.D. Ohio Nov. 5, 2019).

It is apparent Plaintiff understands the requirements for seeking to proceed *in forma pauperis* as a prisoner and refuses to submit his trust account statement. Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, 2010 WL 5092713, at *3 (W.D. Ky.). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam).

Because Plaintiff did not attempt to complete the Application and demonstrate poverty by supplying a copy of his trust account statement, his Application to Proceed *In Forma Pauperis* (Doc. 2) is denied. This action is dismissed without prejudice. Plaintiff may reopen this case within thirty days of the date of this Order by first paying the full filing fee of $ 402.00 and then filing a Motion to Reopen the Case. The Clerk's Office is instructed to return, unfiled, any document, including the Motion to Reopen, unless the full filing has first been paid. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                       s/ *James R. Knepp II*
                                                       UNITED STATES DISTRICT JUDGE